# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

DIEGO J. MORTERA,

       Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No.  1:22-cv-00521-JLT-SAB

FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

(ECF No. 30)

**OBJECTIONS DUE WITHIN FOURTEEN DAYS**

Petitioner Harvey P. Sackett ("Petitioner"), attorney for Diego J. Mortera ("Plaintiff"), filed the instant motion for attorney's fees. Petitioner requests fees in the amount of $11,466.00 pursuant to 42 U.S.C. § 406(b)(1). Petitioner also requests that he be directed to reimburse Plaintiff the Equal Access Justice Act ("EAJA") fee awarded in full $5,500.00.

Plaintiff did not file an opposition or otherwise respond to the motion for attorney's fees, and the time to do so has passed. Defendant Commissioner of Social Security, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion, in which he asserts he neither supports nor opposes Petitioner's request for attorney's fees, but observes that the Court should direct Petitioner to reimburse Plaintiff any fees he previously received under the EAJA. (ECF No. 31.)

/ / /

/ / /

1

# I.

# BACKGROUND

On November 18, 2019, Plaintiff entered into a contingent fee agreement with Petitioner. (ECF No. 30-4.)  The agreement entitled Petitioner to an award of 25% of the past-due benefits awarded if the adverse decision of an ALJ was reversed.  (Id.)

On May 2, 2022, Plaintiff filed a complaint in this Court challenging the denial of social security benefits.  (ECF No. 1.)  On September 20, 2024, the Court remanded this action pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings, and judgment was entered in favor of Plaintiff.  (ECF No. 26.)

On October 30, 2024, the parties filed a stipulation for an award of attorney's fees in the amount of $5,500.00 under the EAJA, 28 U.S.C. § 2412, which the Court approved.  (ECF Nos. 29, 30.)  Ultimately, on February 25, 2026, Plaintiff became a prevailing party.  (ECF No. 30-2.)

In the instant motion, Petitioner seeks an award of attorney's fees in the amount of $11,466.00, pursuant to 42 U.S.C. § 406(b) and an order to reimburse Plaintiff the amount previously awarded under the EAJA, $5,500.00.  (ECF No. 32.)

# II.

# LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  Agreements

2

seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796. The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

### A. Attorney Fees Under 42 U.S.C. § 406(b)

The Court begins with Plaintiff's agreement to pay 25% of the past-due benefits awarded following both for representation and in receiving a favorable decision on his application. (ECF No. 30-4.) The Court recognizes the contingent nature of this case and counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). The Social Security Administration notified Plaintiff that "[w]e withhold $11,466.00 from your past-due benefits" in anticipation of authorized attorney's fees in this action. (ECF No. 30-3.) Petitioner now seeks $11,466.00, which is 25% of the gross retroactive benefits. (Id.) From a broad lens, the $11,466.00 fee is not excessively large in relation to the past-due award of $45,864.00.[1]

---

[1] The Court extrapolated this sum by taking $11,466.00 as 25% of an unknown final award amount and thereafter used basic algebra. (See ECF No. 30-1, p. 5; ECF No. 30-3.)

The Court finds there is no indication that a reduction of fees is warranted for substandard performance. Crawford, 586 F.3d at 1151. Petitioner is an experienced, competent attorney who ultimately secured a successful result for Plaintiff. (ECF No. 30-1, p. 15.) Further, although this action has been going on since 2022, there is no indication that Petitioner was responsible for the delay in the court proceedings to indicate any undue accumulation of past-due benefits.

In support of the instant motion, Petitioner submits a time log reflecting 24.6 hours expended litigating this action. (ECF No. 30-5.) The hours include reviewing documents and the administrative record, correspondence, preparing and filing the brief and reply brief, and filing documents with the court. (Id.) Taking $11,466.00 as the award, Petitioner notes that the hourly rate would be approximately $466.10 and is within the range of reasonable attorney's fees. (ECF No. 30-1, pp. 15-16.) Petitioner directed the Court to many cases in support of this hourly rate. For example, in Garcia v. O'Malley, No. 1:20-cv-01366-SKO, 2024 WL 1118782 (E.D. Cal. Mar. 14, 2024), the court awarded attorney's fees in the hourly amount of $2,307.69. Id. at *3. Moreover, in L.M. v. Kijakazi, No. 17-cv-03562-JCS, 2023 WL 7251505 (N.D. Cal. Nov. 2, 2023), the court awarded attorney's fees in the hourly amount of $2,145.00. Id. at *3. The Court finds these cases to be instructive and notes that in both Garcia and L.M., the district courts were persuaded that even with seemingly large hourly rates, the total award was either at 25% or less with regard to the past-due benefits award.

The Court again recognizes that the requested attorney's fees in the amount of $11,466.00 is 25% of the past-due benefits awarded and finds it not excessive in relation to the past-due award. The Court is cognizant that neither Plaintiff nor Defendant oppose the award of fees as unreasonable. Petitioner also assumed the risk of receiving no compensation. (ECF No. 30-4.) The Court finds the fee amount requested is reasonable in light of the several years of litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to Petitioner. Accordingly, the Court finds that the requested fee of $11,466.00 is reasonable.

/ / /

**B. EAJA Refund**

"[A]n award of attorney's fees under § 406(b) does 'not prevent an award of fees and other expenses under' the EAJA, but 'where the claimant's attorney receives fees *for the same work* under both' § 406(b) and the EAJA, then 'the claimant's attorney refunds to the claimant the amount of the smaller fee." Castillo v. Kijakazi, No. 5:20-CV-02347-KES, 2023 WL 12090215, at *5 (C.D. Cal. June 8, 2023) (emphasis in original), quoting Public Law No. 99-80, 99 Stat. 183 (1985).

Both Petitioner and Defendant request that the Court direct Petitioner to reimburse Plaintiff the entirety of fees he previously received under the EAJA. (ECF Nos. 30, 31.) The Court agrees and recommends that Petitioner refund Plaintiff the entire amount of the EAJA fees previously awarded: $5,500.00. See Gisbrecht, 535 U.S. at 796.

///

///

**IV.**

**CONCLUSION AND RECOMMENDATION**

For the reasons stated above, the Court finds that the fees sought by Counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's motion for an award of attorney fees pursuant to section 406(b) in the amount of $11,466.00 be GRANTED; and

2.  Petitioner's award should be offset by $5,500.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

Dated:   **May 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge